# JANUARY, 1932

LEE A. COOK, SHERIFF OF TERRELL COUNTY v. GEORGE H. SHEPPARD, COMPTROLLER OF PUBLIC ACCOUNTS OF TEXAS.

Motion No. 9912.   Decided January 6, 1932.
(45 S. W., 2d Series, 554.)

*T. H. McGregor* and *A. L. Love,* both of Austin, for relator.

PER CURIAM.—The relator, Lee A. Cook, sheriff of Terrell county, has applied for leave to file petition for mandamus against George H. Sheppard, State Comptroller. The mandamus is sought to compel the latter to approve, as a lawful charge against the state, certain mileage items of the relator's account, which has been duly filed in the office of the comptroller. In the relator's petition, it is alleged, in substance, that in February, 1931, a complaint was filed before a justice of the peace of Terrell county, charging two named persons with a felony theft; and thereupon said justice of the peace issued a warrant of arrest for the two persons and placed same in the hands of relator for execution. The latter executed the warrant in Real county, by arresting the two accused persons there, and conveying them to Terrell county, where they were produced before said justice of the peace, and by him bound over to await the action of the grand jury, at the next succeeding term of the district court of Terrell county. In July, 1931, the two accused

persons were duly indicted for the felony. The relator claims mileage in going to Real county to execute said warrant of arrest, and in returning therefrom with the prisoners, at the rate provided in article 1030 of the Code of Criminal Procedure. The mileage claimed is in the aggregate amount of $143.55.

██ The only question involved is whether or not the mileage claimed by the relator falls within the restrictive provisions of article 1020, of the Code, which reads as follows: "Sheriffs and constables serving process and attending any examining court, in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases, to be paid by the state, not to exceed $4 in any one case." If the justice of the peace, in this instance, was functioning as an examining court, when the arrest warrant was issued, it would follow that the foregoing statute regulates the amount of fees and mileage, incident to the service of the writ, which is chargeable against the state. Article 33 of the Code provides that justices of the peace, among other specified officers, are magistrates. Article 35 defines an examining court as follows: "Where the magistrate sits for the purpose of inquiring into a criminal accusation against any person, this shall be called an 'examining court.'" Article 220 authorizes magistrates to issue warrants of arrest. By article 233, the officer executing the warrant is required to take an arrested person "forthwith before the magistrate who issued the warrant or before the magistrate named in the warrant." Article 245 provides: "Where the accused has been brought before a magistrate, that officer shall proceed to examine into the truth of the accusation made," etc. This and the next succeeding articles prescribe the mode of procedure for determining the matter of bail and cognate matters. The articles which have been named, and others which relate to the subject of "arrest, commitment and bail," as contained in title 5 of the Code, quite clearly discloses that, in issuing a warrant for the arrest of a person accused of a felony, in contemplation of an inquiry into the matter of commitment or bail, whether such inquiry is to be conducted before him or some other magistrate named in the warrant, a magistrate functions as "an examining court," within the meaning of article 1020 of the Code, and that the writ is a process of such a court.

Relator's application is denied.